# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EKJ&D, LLC, ) | |
| ) | |
| Plaintiff, ) | 8:12CV318 |
| ) | |
| vs. ) | ORDER |
| ) | |
| CARL L. GREEN, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court *sua sponte*.

This action was initially filed by the plaintiff in the County Court of Douglas County, Nebraska, on May 23, 2011.  **See** Filing No. 1 - Attach. Complaint.  According to the allegations in the complaint, the defendant owes the plaintiff money for legal services performed by David J. Koukol, an attorney, and members of the law firm of Engdahl Koukol Goracke Johnson & Dougherty, LLC.  *Id.*  On June 22, 2011, the defendant filed an "Answer and Cross-Claim," presumably alleging violations pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, among other things.  *Id.*  On September 10, 2012, the defendant removed the action to this court stating federal question jurisdiction exists based on the defendant's counterclaims and third-party claims.  **See** Filing No. 1 - Notice of Removal.  To the notice of removal, the defendant attached the plaintiff's complaint, the defendant's "Answer and Cross-Claim," and a August 2, 2012, notice of motion and brief seeking an order compelling the third-party defendants to answer or have default entered against them.  *Id.*  No action has occurred in this case since the defendant filed the notice of removal.  The defendant states the county court entered an order on August 23, 2012, at which time the defendant "first . . . ascertained that the case is one which is or has become removable."  *Id.*  The defendant failed to attach a copy of the August 23, 2012, order to the notice of removal.

No party has moved for remand, however "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  The party seeking removal has the burden of

establishing federal subject matter jurisdiction by a preponderance of the evidence. *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005). Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941). A district court is required to resolve doubts concerning federal jurisdiction in favor of remand, strictly construing the removal statute. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The determination about whether a federal court has removal jurisdiction is made on the basis of the record at the time of removal. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 43 (1998).

The court finds the notice of removal appears insufficient to grant this court jurisdiction. The defendant alleges federal question jurisdiction exists. "Federal question jurisdiction, however, is determined solely by the allegations contained in the plaintiff's complaint. It is well-established that a defendant cannot remove based on a counterclaim." *Duckson, Carlson, Bassinger, LLC v. Lake Bank, N.A.*, 139 F. Supp. 2d 1117, 1118 (D. Minn. 2001) (**citing** *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); **see** *Magee v. Exxon Corp.*, 135 F.3d 599, 601 (8th Cir. 1998) (noting exception of complete preemption). Similarly, the plaintiff has shown no statutory right exists for *the plaintiff* to remove this matter based on a defense or counterclaim. **See** *Duckson*, 139 F. Supp. 2d at 1119 (**citing** *Shamrock Oil*, 313 U.S. at 107). The defendant does not allege complete preemption. Nevertheless, the defendant shall have an opportunity to show cause why this matter should not be summarily remanded.

**IT IS ORDERED:**

The defendant shall have to **on or before November 2, 2012**, to show cause why this matter should not be remanded for lack of subject matter jurisdiction.

DATED this 4th day of October, 2012.

BY THE COURT:<br>
 s/ Thomas D. Thalken<br>
United States Magistrate Judge