**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| EKJ&D, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV318 |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| CARL L. GREEN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court *sua sponte*.

This action was initially filed by the plaintiff in the County Court of Douglas County, Nebraska, on May 23, 2011, against the defendant for allegedly failing to pay for legal services.  See Filing No. 1 - Attach. Complaint.  On September 10, 2012, the defendant removed the action to this court stating federal question jurisdiction exists based on the defendant's counterclaims and third-party claims alleged pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, among other things.  See Filing No. 1 - Notice of Removal.  No party has moved for remand, however on October 4, 2012, the court entered an order *sua sponte* requiring the defendant to show cause why the case should not be remanded for lack of subject matter jurisdiction because no diversity jurisdiction exists and the defendant lacks a statutory right to remove this matter based on a defense or counterclaim.  See Filing No. 2.  In response, the defendant argues the Fair Debt Collection Practices Act provides the exclusive cause of action for the claim asserted as to preempt the state law action.  See Filing No. 3.  Additionally, the defendant filed a copy of his Third Party Complaint.  See Filing No. 4.

The court finds the notice of removal and subsequent filings are insufficient to grant this court jurisdiction.  The defendant alleges federal question jurisdiction exists.  "Federal question jurisdiction, however, is determined solely by the allegations contained in the plaintiff's complaint.  It is well-established that a defendant cannot remove based on a counterclaim." *Duckson, Carlson, Bassinger, LLC v. Lake Bank, N.A.*, 139 F. Supp. 2d 1117, 1118 (D. Minn. 2001) (**citing** *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392

(1987)); **see** *Magee v. Exxon Corp.*, 135 F.3d 599, 601 (8th Cir. 1998) (noting exception of complete preemption but holding Truth-in-Lending Act does not completely preempt state law credit action so as to create federal question removal jurisdiction). Similarly, the plaintiff has shown no statutory right exists for *the plaintiff* to remove this matter based on a defense or counterclaim. **See** *Duckson*, 139 F. Supp. 2d at 1119 (**citing** *Shamrock Oil*, 313 U.S. at 107). Although the defendant alleges complete preemption, defenses and counterclaims under the federal Fair Debt Collection Practices Act are inadequate to confer federal question jurisdiction. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007); **see** *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counter-claim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction."). Accordingly,

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON that:**

This case be remanded to the County Court of Douglas County, Nebraska.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order or Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order and Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 2nd day of November, 2012.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.